ORIGINAL

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUL 26 2004

LAWRENCE K. BAERMAN, CLERK
ALBANY
04-CV-0889 LEK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

DANIEL D. VENEROSA,
    Petitioner

v.

UNITED STATES OF AMERICA,
    Respondent

BRIEF IS SUPPORT OF PETITION UNDER 28 U.S.C. § 2255

TO VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES Petitioner, Daniel D. Venerosa, pro se, and in support of his Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, submits the following:

i

TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................... iii

FACTUAL SUMMARY .............................................. 1

QUESTIONS PRESENTED .......................................... 3

DEMONSTRATION OF CAUSE AND PREJUDICE ......................... 4

STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL ..... 5

ARGUMENTS ................................................... 7

    I.    PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF    7
COUNSEL IN THAT COUNSEL FAILED TO OBJECT TO A
PROVISION IN THE PLEA AGREEMENT WHICH PURPORTED
TO HAVE PETITIONER WAIVE HIS RIGHT TO ATTACK
A SENTENCE IMPOSED IN EXCESS OF THAT ALLOWABLE
BY LAW.

        A.    PETITIONER'S PURPORTED "WAIVER" OF HIS    8
RIGHT TO APPEAL HIS SENTENCE IS LEGALLY
INVALID.

        B.    THE PRECISE WORDING OF THE WAIVER SHOULD    10
BE INTERPRETED SO AS TO ALLOW PETITIONER
TO ATTACK HIS SENTENCE BASED ON A HOLDING
OF THE SUPREME COURT WHICH DEFINES THE
"STATUTORY MAXIMUM" SENTENCE WHICH CAN BE
IMPOSED.

    II.    PETITIONER'S SENTENCE OF 60 MONTHS IS IN    11
EXCESS OF THE MAXIMUM ALLOWED BY LAW.

        A.    THE GUIDELINE CALCULATION USED BY THE    11
COURT WAS BASED ON FACTS NOT ADMITTED
BY THE PETITIONER OR FOUND BY A JURY.

        B.    THE SUPREME COURT'S RULING IN BLAKELY    12
IS APPLICABLE TO THE FEDERAL SENTENCING
GUIDELINES.

        C.    THE HOLDING IN BLAKELY APPLIES RETRO-    14
ACTIVELY TO PETITIONER'S SENTENCE.

RELIEF SOUGHT ................................................ 15

CONCLUSION ................................................... 16

# TABLE OF AUTHORITIES

| Case | Page |
|---|---|
| Apprendi v. New Jersey | 10, 11, 13, 14 |
| Blakely v. New Jersey | passim |
| Brady v. United States | 8 |
| Bunkley v. Florida | 14 |
| Fiore v. White | 14 |
| Gardner v. Florida | 4 |
| Grier v. United States | 9 |
| Harris v. United States | 13 |
| Hill v. United States | 4 |
| Murray v. Carrier | 4 |
| Ring v. Arizona | 13 |
| State v. Blakely | 8 |
| Strickland v. Washington | 5 |
| United States v. Addonizio | 4 |
| United States v. Chavez-Salais | 9 |
| United States v. Cronic | 5 |
| United States v. Frady | 4, 6 |
| United States v. Houssein | 9 |
| United States v. Khattak | 9 |
| United States v. Presely | 9 |
| Woodford v. Visconti | 5 |

# FACTUAL SUMMARY

On October 7, 1999, agents of the Federal Bureau of Investigation executed a search warrant and seized Petitioner's computer equipment from his home in Hagaman, New York, as well as his apartment in Albany, New York. Two and a half years later, on July 26, 2002, he was arrested and charged with possession of images allegedly defined as child pornography. Nearly one year after that, he entered a plea of guilty to one count of possession.

On October 22, 2003, the Court sentenced Petitioner to a sentence of 60 months imprisonment and three years supervised release. The Court based this sentence on a judicial determination of facts that were not included in the Plea Agreement. These additional facts resulted in a calculated offense level [under the United States Sentencing Guidelines] of 32 which carried an imprisonment range of 121 to 151 months. At sentencing, the Court expressed the belief that the statutory maximum to which Petitioner could be sentenced was 60 months:

> However, pursuant to U.S.S.G. Section 5G1.1(a), where the statutorily maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence. Therefore, the guideline sentence is 60 months.

Sentencing transcript at 7.

Petitioner was remanded to custody at the time of sentencing and was immediately incarcerated at the Albany County jail. Approximately a month later, he was transferred to the Metropolitan Detention Center in Brooklyn, New York. Three months later, he was transferred to the Federal Correctional Institution

1

at Fort Dix, New Jersey, and on March 31, 2004, he was again transferred to the Federal Medical Center - Devens at Ayer, Massachusetts, where he is currently incarcerated.

QUESTIONS PRESENTED

I.  Was Petitioner denied effective assistance of counsel in that counsel failed to object to a provision in the Plea Agreement which purported to have Petitioner waive his right to attack a sentence imposed in excess of that allowable by law?

   Suggested answer: Yes.

II. Is Petitioner's sentence of 60 months in excess of the maximum allowed by law?

   Suggested answer: Yes.

DEMONSTRATION OF CAUSE AND PREJUDICE

The Petitioner is aware that collateral attacks on final convictions or judgments are narrowly limited. United States v. Addonizio, 442 U.S. 178, 184 (1974) ("... an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."). Thus, the complained errors must be either constitutional or jurisdictional. Id, at 185. Any other error must constitute "a fundamental defect which inherently result[ed] in a complete miscarraige of justice." Hill v. United States, 368 U.S. 424, 428 (1962).

A defendant seeking correction of his sentence on collateral review is required to demonstrate cause and prejudice for his failing to make the arguments at the appropriate time in the original proceedings. United States v. Frady, 456 U.S. 152 (1982). It is well established that a defendant may meet the required showing by demonstrating the ineffective assistance of counsel at the critical stage of the trial proceedings. Murray v. Carrier, 477 U.S. 478, 483 (1986). Furthermore, the Supreme Court has declared sentencing to be just such a critical stage in the criminal proceedings, over and above conviction, where the effective assistance of counsel is constitutionally required. Gardner v. Florida, 430 U.S. 349 (1977).

Here, the Petitioner will show that defense counsel ineffectively failed to object to a provision in the Plea Agreement offered to Petitioner which included an inappropriate "waiver" of Petitioner's right to appeal his sentence based on issues of

4

unconstitutionality or denial of effective assistance of counsel. The issues raised are shown to satisfy the <u>Addonizio</u> standard to jurisdictional and constitutional violations for the ineffective assistance of counsel.

STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment right to counsel forms the foundation of the entire American criminal justice system. As the Supreme Court has noted, it is by far the most significant of the Defendant's constitutional rights because it is the means by which the Defendant asserts each of his other rights in a criminal proceeding. <u>United States v. Cronic</u>, 466 U.S. 648, 652 (1984). The courts have been given a two-pronged test for establishing the presence or absence of constitutionally adequate representation of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

First, a petitioner must establish that counsel's performance fell below an objective standard of reasonableness; second, the petitioner must demonstrate that, but for counsel's deficiences, the result of the proceeding would have been different to a "reasonable probability." <u>Woodford v. Visconti</u>, 123 S.Ct. 357 (2002) (specifically rejecting the "more likely than not" standard).

> A reasonable probability is a probability sufficient to undermine confidence in the outcome [of a criminal proceeding].

<u>Strickland</u> at 694.

What a reviewing court most commonly looks for is some "breakdown in the adversarial process that renders the result unreliable." <u>Id</u>. at 687; <u>See also Cronic</u> at 659 (the question on habeas review

5

is whether counsel's representation failed to subject the critical elements of the prosecution's proof to meaningful adversarial testing).

With respect to the prejudice showing required by <u>Frady</u>, the Supreme Court has held that the standard is whether the Defendant is serving any "unwarranted imprisonment." <u>Glover v. United States</u>, 531, U.S. 198 (2001). The Petitioner makes his specific showings of ineffectiveness by what was done or not done when it should have been, and which resulted in an unconstitutional imposition of this criminal sentence of 60 months.

ARGUMENTS

I.  PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THAT COUNSEL FAILED TO OBJECT TO A PROVISION IN THE PLEA AGREEMENT WHICH PURPORTED TO HAVE PETITIONER WAIVE HIS RIGHT TO ATTACK A SENTENCE IMPOSED IN EXCESS OF THAT ALLOWABLE BY LAW.

In spite of extensive case law and overwhelming precedent established in both the Declaration of Independence and the United States Constitution, the United States Attorney presented Petitioner with a Plea Agreement containing the following language:

> The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack ... any sentence of imprisonment of 60 months or less, including any related issues with respect to the establishment of the Sentencing Guideline range.

Plea Agreement at 9.[1]

Counsel for Petitioner failed to advise him that such a waiver was a direct violation of rights which could adversely affect his constitutionally protected liberty interest by preventing him from attacking an unlawful or erroneous sentence. Counsel made no attempt to have the offending language removed from the Plea Agreement and advised Petitioner to accept the Agreement in its entirety. Petitioner was dependent upon counsel for the accurate interpretation of all aspects of the agreement, its contents, and their implications. Counsel's failure to discuss this with Petitioner, along with his failure to oppose

---

[1] This specific wording suggests that the U.S. Attorney was trying to anticipate the Blakely matter, then on appeal to the Supreme Court. The inclusion of such language is especially unconsionable.

7

such language was a gross breach of his duty to his client.

A. PETITIONER'S PURPORTED "WAIVER" OF HIS RIGHT TO APPEAL HIS SENTENCE IS LEGALLY INVALID.

Waivers of constitutional rights not only must be made voluntarily, but they must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. Brady v. United States, 90 S.Ct. 1463, 397 U.S. 742, 25 L.Ed.2d 747 (1970). Counsel for Petitioner had every reason to be aware of the implication of Brady vis-a-vis the proffered Plea Agreement. Absent advice to the contrary from counsel, Petitioner had no reasonable way of knowing that such a waiver could needlessly deprive him of a fundimental right to protect his liberty from unlawful incarceration under a sentence which exceeded lawful authority. He had no way of knowing that an issue then before the United States Supreme Court[2] could result in a drastic limitation on the maximum sentence which could be imposed upon him. He could not, therefore, legally have the requisite knowledge to waive such a right.

The case law supporting this concept is extensive and should have been known by counsel. While a guilty or nolo contendere plea is generally viewed as a waiver of nonjurisdictional defects, including the right to assert certain constitutional rights, for that waiver to be valid under the Due Process Clause, it must be an _intentional_ relinquishment or abandonment of a _known_ right or

---

[2] At the time of sentencing, counsel for Petitioner should have known that the sentence of Ralph Howard Blakely, Jr. was being appealed to the U.S. Supreme Court. State v. Blakely, 111 Wash.

8

privilege. United States v. Presely, 478 F.2d 163 (5th Cir. 1973). A guilty plea does not waive a right of which the defendant was unaware. United States v. Houssein, 326 F.Supp 1194 (D.Md.1971).

Similarly, a defendant who voluntarily enters a plea of guilty cannot be presumed to have waived a defense that later became available through a judicial decision. Grier v. United States, 472 F.2d 1157 (5th Cir. 1973). This concept also applies with respect to sentencing. A plea colloquy in which the defendant acknowledged that he waived his right to appeal or collaterally attack the sentence as part of a plea agreement was insufficient to support the conclusion that the defendant knew he was waiving his right to make a later modification of his sentence based on a subsequent amendment in the Sentencing Guidelines that was applied to his case, where the court did not explain to the defendant that his waiver of "any collateral attack" included such a motion. United States v. Chavez-Salais, 337 F.3d 1170 (10th Cir. 2003).

Even if Petitioner had known of the potential implication of this "waiver," it still would not be valid. Waivers of the right to appeal that are contained in a guilty plea agreement are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice. United States v. Khattak, 273 F.3d 557 (3rd Cir. 2001). Clearly, 27 months of over-incarceration would be a miscarriage of justice under any standard.

---

App. 851, 47 P.3d 149 (2002); 148 Wash.2d 1010, 62 P.3d 889 (2003).

B.  THE PRECISE WORDING OF THE WAIVER SHOULD BE INTERPRETED SO AS TO ALLOW PETITIONER TO ATTACK HIS SENTENCE BASED ON A HOLDING OF THE SUPREME COURT WHICH DEFINES THE "STATUTORY MAXIMUM" SENTENCE WHICH CAN BE IMPOSED.

The Plea Agreement specifically advises the Petitioner of a limited right to attack an imposed sentence:

> The Defendant agrees that, should the sentence imposed exceed 60 months, this would not permit him to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

Plea Agreement at 10.

The specific mention of 60 months as the lower limit of an appealable sentence is clearly presented based on the belief at the time that 60 months was the "statutory maximum" which could be imposed for a conviction under 18 U.S.C. § 2252A(a)(5)(B) in accordance with the rule set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")  However, the holding by the Supreme Court in <u>Blakely v. Washington</u>, 542 U.S. \_\_\_\_\_ (2004), which forms the underlying basis of this appeal, has shown that the 60 month figure is <u>not</u> the relevant period:

> Our precedents make clear, however, that the "statutory maximum" for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>. ... In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without</u> any additional findings.

10

<u>Blakely</u> at 7 (emphasis in original).

Therefore, even if Petitioner's waiver of the right to appeal his sentence had any validity, it can only be limited to sentences which do not exceed the maximum of the guideline range based on the facts which he has admitted. Simply put, there is no way that his purported waiver could bar him from this appeal.

II. PETITIONER'S SENTENCE OF 60 MONTHS IS IN EXCESS OF THE MAXIMUM ALLOWED BY LAW.

    A. THE GUIDELINE CALCULATION USED BY THE COURT WAS BASED ON FACTS NOT ADMITTED BY PETITIONER OR FOUND BY A JURY.

As noted above, the Supreme Court has clarified its own meaning in <u>Apprendi</u> by its holding in <u>Blakely</u>. It defined the "statutory maximum" which <u>Apprendi</u> sets as the upper limit of a sentence which may be imposed as the maximum of the guideline range which is determined by the facts to which the defendant has plead or which have been found by a jury.

In the instant case, the Petitioner's Plea Agreement acknowledged only one count of violation of 18 U.S.C. § 2252A(a)(5)(B). The specific facts contained therein lead to a guideline calculation as follows:

| | |
|---|---|
| Base level | 15 |
| Pre-pubescent minor | + 2 |
| 10 or more items | + 2 |
| Use of a computer | + 2 |
| TOTAL OFFENSE LEVEL | 21 |
| Acceptance of responsibility | - 3 |
| TOTAL | 18 |

However, the United States Probation Officer who prepared the Pre-Sentencing Investigation Report (PSR) made an independent determination which resulted in the inclusion of numerous alleged facts which Petitioner vehemently denied. Using those disputed facts, the PSR calculation resulted in a TOTAL OFFENSE LEVEL of 32 and denying the reduction for Acceptance of Responsibility.

In response to this, counsel for Petitioner submitted a 10-page Sentencing Memorandum in which he specifically objected to several of the proposed enhancements and their purported underlying factual basis. At sentencing, the Court adopted the calculation contained in the PSR, resulting in a guideline range of 121 to 151 months of imprisonment.

It is clear, however, that those enhancements were based on facts which were only <u>judicially</u> determined. Although, at the time, it would have been the understanding of the Court that these facts could be considered in determining a sentence, <u>Blakely</u> has shown that this is not the case. Although the Court could not have been expected to anticipate <u>Blakely</u> at that time, it is now evident that the "statutory maximum" which should correctly have limited Petitioner's sentence was 33 months, rather than 60 months. Therefore, any sentence in excess of 33 months exceeded the authority of the Court.

B.  THE SUPREME COURT'S RULING IN <u>BLAKELY</u> IS APPLICABLE TO THE FEDERAL SENTENCING GUIDELINES.

Although <u>Blakely</u> specifically addresses a sentence imposed

under the Washington State Criminal Code, the holding goes to the fundamental constitutional right to a jury trial: "That right is no mere procedural formality, but a fundamental reservation of power in our constitutional structure. Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary." Id. at 9. The fundamental principle was applied to state law in New Jersey (Apprendi) and Arizona (Ring v. Arizona, 536 U.S. 584 (2002)) and to Federal law (Harris v. United States, 536 U.S. 545 (2002)).

The Federal Sentencing Guidelines are, in fact, statutory in nature; they are set forth in Title 18 of the United States Code, having come into existence through the authority of the Sentencing Reform Act of 1984 (title II of the Comprehensive Crime Control act of 1984). They are issued pursuant to Section 994(a) of Title 28 of the United States Code. Therefore, the incarceration range which they establish for any given offense level defines a "statutory maximum" sentence a judge may impose. Upward departures may, according to the Blakely principle, only be based on facts which a defendant has admitted or which have been found by a jury.

In the instant case, much of the guideline calculation was based on facts which Petitioner did not admit. In the absense of determination by a jury, such facts may not be used to increase Petitioner's sentence beyond a "statutory maximum" of 33 months.

13

C.  THE HOLDING IN BLAKELY APPLIES RETROACTIVELY TO PETITIONER'S SENTENCE.

Challenges to the retroactive application of the principle found in Blakely could only have merit if Blakely were to create a change in the law. However, the ruling in Blakely was a clarification of the rule the Supreme Court had expressed in Apprendi. Specifically, it explained in detail the meaning of the term "prescribed statutory maximum." As such, it must be viewed as the first correct interpretation of that term, and there can be no question about its retroactivity. See Bunkley v. Florida, 538 U.S. ____, 123 S.Ct. ____, 155 L.Ed.2d 1046 (2003), discussing the principles of Fiore v. White, 531 U.S. 255, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001).

Blakely did not establish new law. It presented a detailed explanation and analysis of the fundamental applicability of the constitutionally guaranteed right to a jury trial to sentencing as well as conviction. It did not make sentencing enhancements that are based on judicially determined facts unconstitutional; it told us that they always were unconstitutional. Therefore, the maximum sentence which the Court could have imposed was 33 months.

## RELIEF SOUGHT

Petitioner respectfully prays the Court to enter an Order changing Petitioner's term of imprisonment to <u>no</u> <u>more</u> <u>than</u> 33 months. Petitioner further prays the Court to notify the Federal Bureau of Prisons of the change and Order them to correct their calculations of Petitioner's Release Date and Pre-release Preparation Date accordingly.

## CONCLUSION

Petitioner wishes to make it clear to the Court that this Petition is in no way intended to impugn the integrity of the Court. It is evident that, throughout the entire sentencing proceeding, the Court was acting in good faith as the law was understood to be at that time. Now, however, thanks to the Supreme Court's holding in <u>Blakely</u>, it is clear that the authority of the Court to make judicial determination of facts that are used to calculate a sentence does not exist. It is now clear that the maximum sentence which could be imposed is 33 months.

Based on the holding in <u>Blakely</u>, it is now incumbent upon the Court to correct this sentence and thus prevent the over-incarceration of the Petitioner.

Respectfully submitted,

[signature]

Daniel D. Venerosa,
Petitioner, <u>pro se</u>

I, Daniel D. Venerosa, Petitioner, <u>pro se</u>, certify that the statements made in this <u>Brief</u> are true and correct to the best of my knowledge and belief.

[signature]

Daniel D. Venerosa,
Petitioner, <u>pro se</u>

Daniel D. Venerosa
11540-052  Unit G-A
Federal Medical Center - Devens
P.O. Box 879
Ayer, MA 01432

LEGAL MAIL

7004 1160 0002 3623 2696




















UNITED STATES POSTAL SERVICE
9268
12207

U.S. POSTAGE PAID
AYER, MA
01432
JUL 22 '04
AMOUNT
$0.00
00003154-08

LEGAL MAIL

Clerk of the Court
United States District Court
Northern District of New York
445 Broadway
Albany, NY 12207

DATE: JUL 22 2004

The enclosed letter was processed through
special mailing procedures forwarding to
you. The letter has neither been opened nor
inspected. If the writer raises a question or
problem over which this facility has
justification, you may wish to return the
material for further information or clarification.
If the writer encloses correspondence for
forwarding to an...
return to the ...
Fed...
Dev...